UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | Court File No. 15-cv-3913 RHK/JSM |
|---|---|
| Jose Lopez, | |
|            Plaintiff, | **FIRST AMENDED COMPLAINT AND JURY DEMAND** |
|   v. | |
| City of Minneapolis, Officer Jamie Conway, and Officer Issac Raichert, | |
|            Defendants. | |

---

For his Complaint against Defendants above-named, Plaintiff states and alleges as follows:

## THE PARTIES

1. Plaintiff is an adult male who currently resides and has resided in Minnesota at all times relevant to this action. Plaintiff is Latino and Mexican-American.

2. Defendants Conway and Raichert are White, non-Latino, adult males who at all times relevant to the allegations set forth in this Complaint were acting under the color of state law in their capacities as law enforcement officers employed by the City of Minneapolis, Minnesota. Plaintiff is suing them in their individual capacities.

3. Defendant City of Minneapolis ("Minneapolis") is a political subdivision of the State of Minnesota. Minneapolis employed the Defendant Officers as police officers at all times relevant to this action. Minneapolis is

sued directly and on all relevant claims, on the theories of respondeat superior or vicarious liability and pursuant to Minnesota Statutes § 466.02 for the unlawful conduct of the Defendant Officers. Minneapolis is the political subdivision charged with training and supervising Minneapolis law enforcement officers. Minneapolis has established or delegated the responsibility for establishing and implementing policies, practices, procedures and customs used by law enforcement officers employed by Minneapolis regarding conducting searches and interacting with members of the community. Minneapolis is therefore also being sued directly pursuant to *Monell v. Dept. of Soc. Svcs.*, 436 U.S. 658 (1978).

## JURISDICTION

4. This is an action for monetary and declaratory relief under 42 U.S.C. §§ 1983 and 1988 and the Minnesota Human Rights Act, Minn. Stat. § 363A.01 *et seq.* This Court has jurisdiction over the matter pursuant to 28 U.S.C. §§ 1343(a)(3), 1331, and 1367. Venue is proper in this district under 28 U.S.C. § 1391, as the events giving rise to this action occurred in this district and, on information and belief, Defendants reside in this district.

## GENERAL ALLEGATIONS

5. In the morning on or around September 4, 2015, Plaintiff was driving his car in Minneapolis on Interstate 35W North.

6. Defendant Officers Conway and Raichert followed Plaintiff in their squad car for about a mile.

7. The Defendant Officers turned on their flashers, and Plaintiff pulled his car over on the shoulder of the freeway.

8. The Defendant Officers got out of the squad car.

9. One of the Defendant Officers walked up to Plaintiff's window.

10. This Defendant Officer ordered Plaintiff to provide identification, and Plaintiff complied with the order.

11. This Defendant Officer ordered Plaintiff to exit the vehicle, and Plaintiff complied with the order.

12. One of the Defendant Officers told Plaintiff that he was under arrest.

13. One of the Defendant Officers put Plaintiff in handcuffs, frisk searched Plaintiff, and did not locate any weapons or contraband.

14. One of the Defendant Officers put Plaintiff in his squad car and locked the door.

15. One of the Defendant Officers told Plaintiff that they pulled him over because Plaintiff was driving in a carpool lane.

16. The Defendant Officers left Plaintiff in the squad car for at least 30 minutes.

17. While Plaintiff was in the squad car, the Defendant Officers searched Plaintiff's entire vehicle, including the trunk and the entire passenger compartment.

18. Plaintiff did not authorize the Defendant Officers to search the vehicle.

19. Plaintiff did not give his consent to the Defendant Officers to search the vehicle.

20. The Defendant Officers' search left Plaintiff's car in shambles.

21. The Defendant Officers did not locate any weapons or contraband.

22. The Defendant Officers released Plaintiff following their search of his vehicle.

23. Plaintiff was cooperative during the entire interaction described above.

24. The Defendant Officers were rude and undignified during the interaction described above.

25. The Defendant Officers' conduct caused Plaintiff to experience harm and damages.

26. To date, Defendant Minneapolis is the only Defendant that has been served process in this case. Minneapolis, through its counsel of record, consented in writing to allow Plaintiff to amend his Complaint. Accordingly, Plaintiff may file this First Amended Complaint without the Court's prior approval under Federal Rule of Civil Procedure 15(a)(2).

**COUNT I**
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS—UNREASONABLE SEARCH**

27. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

28. The Defendant Officers searched Plaintiff's vehicle.

29. Plaintiff owns the vehicle.

30. The Defendant Officers lacked authorization to search Plaintiff's vehicle.

31. The Defendant Officers' actions and omissions caused Plaintiff to suffer a violation of his Fourth Amendment rights, through the Fourteenth Amendment.

32. At the time the Defendant Officers searched Plaintiff's vehicle, it was clearly established that it is unconstitutional for police officers to conduct unreasonable searches.

33. At the time the Defendant Officers searched Plaintiff's vehicle, it was clearly established that it is unreasonable for police officers to search a vehicle under the type of circumstances under which the Defendant Officers searched Plaintiff's vehicle.[1]

34. Plaintiff suffered harm and damages because of the Defendant Officers' denial of his constitutional rights.

## COUNT II
**DEPRIVATION OF CIVIL RIGHTS IN VIOLATION OF 42 U.S.C. § 1983 AND THE FOURTH AND FOURTEENTH AMENDMENTS – UNREASONABLE SEIZURE**

35. Plaintiff restates the allegations contained in the preceding paragraphs as though fully incorporated herein.

36. Defendants proximately caused Plaintiff's arrest.

---

[1] *Arizona v. Gant,* 129 S.Ct. 1710, 1714 (2009) ("…we hold that *Belton* does not authorize a vehicle search incident to a recent occupant's arrest after the arrestee has been secured and cannot access the interior of the vehicle.").

37. Defendants proximately caused Plaintiff's detention.

38. Defendants lacked a warrant authorizing them to arrest, stop, search, or detain Plaintiff.

39. Defendants lacked probable cause or reasonable suspicion to arrest, stop, search, or detain Plaintiff.

40. Defendants lacked a reasonable belief of probable cause or reasonable suspicion to arrest, stop, search, or detain Plaintiff.

41. Defendants otherwise lacked authority to arrest, stop, search, or detain Plaintiff.

42. Defendants' actions and omissions caused Plaintiff to suffer a violation of his Fourth Amendment rights.

43. At the time of the events giving rise to this action, it was clearly established that it is unconstitutional to authorize or execute an arrest, stop, search, or detention absent probable cause or reasonable suspicion.

44. Plaintiff suffered harm and damages because of Defendants' denial of his constitutional rights.

## COUNT III
## VIOLATION OF THE MINNESOTA HUMAN RIGHTS ACT

45. Plaintiff restates the preceding paragraphs as though fully stated herein.

46. Defendants subjected Plaintiff to the humiliating ordeal detailed above because of his race, color, ethnicity, and national origin.

47. In other words, Defendants subjected Plaintiff to unlawful discrimination in the area of public services.[2]

48. Plaintiff suffered harm because of Defendants' unlawful conduct.

## JURY DEMAND

49. Plaintiff demands a jury trial.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Enter judgment in Plaintiff's favor on his claims against Defendants, the exact amount to be proven at trial;

2. Declare that Defendants' conduct, as set forth above, violated Plaintiff's rights under the Constitution and the MHRA;

3. Award Plaintiff damages to compensate him for the injuries he suffered as a result of Defendants' unlawful conduct;

4. Award Plaintiff punitive damages with respect to Plaintiff's claims arising under federal law, the exact amount to be proven at trial;

5. Grant Plaintiff leave to amend the complaint to include a claim for punitive damages, to the extent the Court believes leave is necessary;

6. Award Plaintiff reasonable expenses incurred in this litigation, including attorney and expert fees, pursuant to 42 U.S.C. § 1988 and the MHRA;

---

[2] *City of Minneapolis v. Richardson,* 307 Minn. 80, 88-89, 239 N.W.2d 197, 203 (1976).

7. Grant Plaintiff all statutory relief to which he is entitled;

8. Grant Plaintiff leave to amend this Complaint if the Court finds it deficient in any way;

9. Grant any other relief the Court deems just and equitable.

Dated:  January 11, 2016                     *s/Joshua R. Williams*
Joshua R. Williams (#389118)
jwilliams@jrwilliamslaw.com
2836 Lyndale Avenue S, Suite 160
Minneapolis, Minnesota 55408
(612) 486-5540
(612) 605-1944 Facsimile

James R. Mayer (#312241)
jmayer@mayerbrayer.com
Butler Square Suite 445A
100 North Sixth Street
Minneapolis, MN 55403
612.418.9764

**ATTORNEYS FOR PLAINTIFF JOSE LOPEZ**